**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

**UNITED STATES OF AMERICA,**

                              **Plaintiff,**

  **v.**

                                                                      **20-CR-77A**
**PAUL E. LUBIENECKI,**

                              **Defendant.**

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

### REPORT, RECOMMENDATION AND ORDER

            This case was referred to the undersigned by the Hon. Richard J. Arcara,

in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report

upon dispositive motions.


### PRELIMINARY STATEMENT


            The defendant, Paul E. Lubienecki ("the defendant"), is charged in a one

count indictment with having violated Title 18 U.S.C. §§ 2261A(2) and 2261A(2)(B).

Dkt. #8.   He has filed a motion wherein he seeks dismissal of the indictment claiming

that it "fails to in any way identify a single detail of the course of conduct purportedly

engaged in by [the defendant] between August 20, 2019 and February 4, 2020, "thereby

resulting in a "fatal omission" which "renders the Indictment facially insufficient and

subject to dismissal pursuant to Federal Rules of Criminal Procedure 7(c) and

12(b)(3)(B)."   Dkt. #14, p. 4, ¶s 12 and 13.   The defendant also asserts that the indictment "in this case violates both the Due Process clause of the Fifth Amendment and the guarantee of the Sixth Amendment that an accused 'shall enjoy the right . . . to be informed of the nature and cause of the accusation."   Dkt. #14, p. 4, ¶14.

The government has filed its opposition to the defendant's motion to dismiss (Dkt. #16) and oral argument on the defendant's motion was heard by this Court and decision reserved.

## DISCUSSION AND ANALYSIS

For the following reasons hereinafter stated, it is recommended that the arguments put forth by the defendant be rejected and that his motion to dismiss the indictment be denied in all respects.

> "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense."   *Hamling v. United States,* 418 U.S. 87, 117 (1974); *United States v. Stavroulakis,* 952 F.2d 686, 693 (2d Cir.), *cert. denied,* 504 U.S. 926 (1992). "Further, an indictment need only track the language of the statute, and if necessary to apprise the defendant of the nature of the accusation against him with 'reasonable certainty,' state the time and place of the alleged offense in approximate terms."   *Russell v. United States,* 369 U.S. 749, 765-66 (1962),   (cited in *United States v. King,* No. 98-CR-91A, 2000 WL 362026, at *8 (W.D.N.Y.

2

March 24, 2000); FRCP 7(c) ("The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged.").

This principle was reaffirmed by the United States Supreme Court in

*United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007) wherein the court stated:

> In Hamling, we identified two constitutional requirements for an indictment: "first, [that it] contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, [that it] enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." 418 U.S., at 117, 94 S.Ct. 2887.

Likewise, the Court of Appeals for the Second Circuit has reiterated this

principle by stating:

> It bears recalling that "we have consistently upheld indictments that do little more than to track the language of the statute charged and state the time and place (in approximate terms ) of the alleged crime." United States v. Pirro, 212 F.3d 86, 100 (2d Cir.2000) (internal quotation marks omitted) (emphasis supplied). Indeed, "in an indictment for conspiring to commit an offense—in which the conspiracy is the gist of the crime—it is not necessary to allege with technical precision all the elements essential to the commission of the offense which is the object of the conspiracy." United States v. LaSpina, 299 F.3d 165, 177 (2d Cir.2002). Rather, "[a]n indictment is sufficient when it charges a crime with sufficient precision to inform the defendant of the charges he must meet and with enough detail that he may plead double jeopardy in a future prosecution based on the same set of events." United States

v. Yannotti, 541 F.3d 112, 127 (2d Cir. 2008) (internal
quotation marks omitted).

*United States v. Bout*, 731 F.3d 233, 240-241 (2d Cir. 2013); *United States v.*

*Stavroulakis*, 952 F.2d 686, 693 (2d Cir.); *cert. denied*, 504 U.S. 926 (1992); *see also*

*Russell v. United States*, 369 U.S. 749, 765-66 (1962).


The charging language set forth in Count 1 of the Indictment herein clearly

tracks the language contained in Title 18 U.S.C. §§ 2261A(2)A and 2261A(2)(B) thereby

creating a legally valid indictment and contains the necessary elements of the offense

charged.   Count 1 also advises the defendant of the time period in which such violation

allegedly occurred relating to "Victim 1" thereby providing sufficient information to the

defendant that would enable him to plead an acquittal or conviction in bar of future

prosecutions.


Title 18 U.S.C. §§ 2261A(2)(A) and 2261A(2)(B) provides the following:


Whoever--

**(1)**   travels in interstate or foreign commerce or is present
within the special maritime and territorial jurisdiction of the
United States, or enters or leaves Indian country, with the
intent to kill, injure, harass, intimidate, or place under
surveillance with intent to kill, injure, harass, or intimidate
another person, and in the course of, or as a result of, such
travel or presence engages in conduct that--

**(A)**   places that person in reasonable fear of the death of, or
serious bodily injury to--

**(i)**   that person;

4

**(ii)**   an immediate family member (as defined in section 115) of that person;  or

**(iii)**   a spouse or intimate partner of that person;  or

**(B)**   causes, attempts to cause, or would be reasonably expected to cause substantial emotional distress to a person described in clause (i), (ii), or (iii) of subparagraph (A);  or

**(2)**   with the intent to kill, injure, harass, intimidate, or place under surveillance with intent to kill, injure, harass, or intimidate another person, uses the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce to engage in a course of conduct that--

**(A)**   places that person in reasonable fear of the death of or serious bodily injury to a person described in clause (i), (ii), or (iii) of paragraph (1)(A);  or

**(B)**   causes, attempts to cause, or would be reasonably expected to cause substantial emotional distress to a person described in clause (i), (ii), or (iii) of paragraph (1)(A), shall be punished as provided in section 2261(b) of this title.

The defendant argues that the single count charged in the indictment is worded in such a way that "prevents both him and the Court from knowing what facts or events . . . , were (a) relied upon by the grand jury in voting to charge him with a violation of the federal cyberstalking statute, and (b) will form the basis of the government's proof at trial."  Dkt. #15, p. 3.   Basically, the defendant claims that since the charge in the indictment does not contain anything of a "factual nature," it is deficient since Section 2261A(2) requires that there be a "course of conduct" committed by the defendant with "criminal intent" described in the charge.   More specifically, he asserts that the indictment must contain a "factual predicate" consisting of two or more acts that

are evidence of a "continuity of purpose."   Dkt. #15, p. 2.

This argument of the defendant lacks legal merit.   There is no requirement that factual evidence of the government's case be set forth in the indictment.   That is a matter of proof to be developed at the trial.   Furthermore, Title 18 U.S.C. §§ 2261A(2)A and 2261A(2)(B) do not require such factual detail as claimed by the defendant.   All the statute requires is that the necessary elements of the crime charged be contained in the charge.   In this case, the necessary elements constituting a violation of Title 18 U.S.C. §§ 2261A(2)A and 2261A(2)(B) are that the defendant "engage[d] in a course of conduct" with the use of an electronic communication service or electronic communication system of interstate commerce or a facility of interstate and foreign commerce with the intent to harass and intimidate Victim 1, a person known to the grand jury so as to cause Victim 1 to be "in reasonable fear of death or serious bodily injury and/or a cause or attempts to cause" Victim 1 "substantial emotional distress" or "would be reasonably expected to cause substantial distress to Victim 1."

The key element of Title 18 U.S.C. § 2261A(2)A and 2261A(2)(B) is the "course of conduct" of the defendant with the requisite intent which causes or reasonably would cause a person to suffer death, serious bodily injury or substantial emotional distress.   However, there is nothing in the statute that requires the facts or acts relating to the defendant's course of conduct be described in the indictment as necessary elements of the crime charged.   To determine what is meant by "course of

conduct," one must look to Title 18 U.S.C. § 2266(2) wherein it is defined as being "a pattern of conduct composed of 2 or more acts, evidencing a continuity of purpose." Such acts do not necessarily in and of themselves have to be illegal acts.   Therefore, because Sections 2261A(2)A and 2261A(2)(B) do not contain a requirement that the two or more acts making up the "course of conduct" be illegal, it reasonably follows that such acts, whatever they be, do not constitute elements of the crime charged, and as a result, do not have to be set forth in the indictment.   *See United States v. Ackell*, 904 F.3d, 67, 79-80 (1st Cir. 2018), *cert. denied* 139 S.Ct. 2012 (2019).

## **CONCLUSION**

It is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Crim.P. 58(g)(2)(A), Fed.R.Crim. P. 59, and Local Rule 59.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.   *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.**   *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59 of the Local Rules for the Western District of New York, "in the event that a party files objections, the specific matters to which the party objects and the manner in which it is claimed that the order is clearly erroneous or contrary to law shall be clearly set out in the objections."   **Failure to comply with the provisions of Rule 59, or with the similar provisions of Rule 59 (concerning objections to a Magistrate Judge's Report and Recommendation), may result in the District Judge's refusal to consider the objection.**

DATED:     Buffalo, New York
           October 20, 2020

                    *S/ H. Kenneth Schroeder, Jr.*
                    **H. KENNETH SCHROEDER, JR.**
                    **United States Magistrate Judge**