**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                                                              **20-CR-77A**

        **-v-**

**PAUL E. LUBIENECKI,**

        **Defendant.**
_____

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report on dispositive motions.

## PRELIMINARY STATEMENT

The defendant, Paul E. Lubienecki ("the defendant"), is charged in a one count Indictment with having violated Title 18 U.S.C. §§ 2261A(2) and 2261A(2)(B). Dkt. #8. He has filed an alternative motion wherein he seeks a Bill of Particulars in the event that his pending motion seeking dismissal of the Indictment is denied. Dkt. #14. The government has filed its opposition to this alternative motion as well as its opposition to defendant's motion to dismiss the Indictment. Dkt. #16. This Court heard oral argument on both of defendant's motions. The defendant's motion seeking

dismissal of the Indictment will be addressed in a separate Report, Recommendation and Order by this Court.

**DISCUSSION AND ANALYSIS**

The defendant was originally charged in a Criminal Complaint with having violated Title 18 U.S.C. §§ 2261A(2)(A) and 2261A(2)(B) based on a detailed affidavit of Special Agent Randall E. Garver.  Dkt. #1.  The defendant and his attorney received a copy of the Criminal Complaint and the affidavit of Special Agent Garver. The indictment charges the defendant as follows:

> From on or about August, 20, 2019, to on or about February 4, 2020, in the Western District of New York, the defendant, **PAUL E. LUBIENECKI**, with the intent to harass and intimidate another person, that is, Victim 1, a person known to the Grand Jury, did use an electronic communication service, an electronic communication system of interstate commerce, and a facility of interstate and foreign commerce to engage in a course of conduct that placed Victim 1 in reasonable fear of death and serious bodily injury to Victim 1, and caused, attempted to cause, and would be reasonably expected to cause, substantial emotional distress to Victim 1.
>
> All in violation of Title 18, United States Code, Sections 2261A(2)(A) and 2261A(2)(B).

In his "Declaration of Counsel," defendant's attorney admits that "all responsive information and documentation in the possession or under the control of the government has been produced."  Dkt. #14, p. 6, ¶ 26.  Also in his "Declaration of Counsel," defendant's attorney recites descriptive detail contained in Special Agent

Garver's affidavit as dates and contents of alleged voicemail threats made by the defendant to Victim 1 which form the basis for the charge against the defendant in Count 1 of the Indictment. Dkt. #14, p. 4, ¶s 7, 8.

The defendant's request for a bill of particulars is DENIED. It has become axiomatic that the function of a bill of particulars is to apprise a defendant of the essential facts of the crime for which he has been charged. *United States v. Salazar*, 485 F.2d 1272, 1277-78 (2d Cir. 1973); *cert. denied*, 415 U.S. 985 (1974); *Wong Tai v. United States*, 273 U.S. 77 (1927). The charge in Count 1 of the Indictment, along with the Criminal Complaint and affidavit of Special Agent Garver and the discovery materials provided or to be provided by the government as aforesaid, clearly inform the defendant of the essential facts of the crime charged. As a result, the defendant is not entitled to, nor is he in need of, the "particulars" being sought for that purpose.

> "A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert. denied*, ____ U.S. ____, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989); *see also United States v. Leonelli*, 428 F. Supp. 880, 882 (S.D.N.Y. 1977). "Whether to grant a bill of particulars rests within the sound discretion of the district court." *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.), *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980)); *see also Bortnovsky*, 820 F.2d at 574. "Acquisition of evidentiary detail is not the function of the bill of particulars." *Hemphill v. United States*, 392 F.2d 45, 49 (8th

Cir.), *cert. denied*, 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990); see also United States v. Chen, 378 F.3d 151, 163 (2d Cir. 2004); United States v. Porter, 2007 WL 4103679 (2d Cir. 2007).

It is hereby **ORDERED** pursuant to 28 U.S.C § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed.R.Crim.P. 58(g)(2)(A), Fed.R.Crim.P. 59,  and Local Rule 59.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).  **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59 of the Local Rules for the Western District of New York, "in the event that a party files objections, the specific matters to which the party objects and the manner in which it is claimed that the order is clearly erroneous or contrary to law shall be clearly set out in the objections." **Failure to comply with the provisions of Rule 59, or with the similar provisions of Rule 59 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

DATED:    October 20, 2020
         Buffalo, New York

                                    *S/ H. Kenneth Schroeder, Jr.*
                                    **H. KENNETH SCHROEDER, JR.**
                                    **United States Magistrate Judge**