IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                                            20-CR-77-A

PAUL E. LUBIENECKI,

                    Defendant.

## PLEA AGREEMENT

The defendant, PAUL E. LUBIENECKI, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I.      THE PLEA AND POSSIBLE SENTENCE

1.      The defendant agrees to plead guilty to Count 1 of the Indictment which charges a violation of Title 18, United States Code, Section 2261A(2) (stalking) for which the maximum possible sentence is a term of imprisonment of 5 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of 3 years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.      The defendant understands that the Court may require restitution to be paid as part of the sentence, pursuant to Sentencing Guidelines § 5E1.1 and Title 18, United States Code, Section 3663. However, the government agrees to not seek restitution in an amount

greater than $20,000.  The defendant understands that defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

3.       The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release.  As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in paragraph 1 of this agreement.

## II.       ELEMENTS AND FACTUAL BASIS

4.       The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

   a.       that the defendant used a facility of interstate or foreign commerce;

   b.       that the defendant engaged in a course of conduct with the intent to harass or intimidate Victim 1, who has been identified as Charlie Specht; and

   c.       that as a result of that course of conduct, Victim 1 was placed in reasonable fear of the death of, or serious injury to, himself, or that the course of conduct caused, attempted to cause, or would reasonably be expected to cause Victim 1 to experience substantial emotional distress.

## FACTUAL BASIS

5.      The defendant and the government agree to the following facts, which form the

basis for the entry of the plea of guilty including relevant conduct:

      a.      From on or about August, 20, 2019, to on or about February 4, 2020, in the Western District of New York, the defendant, PAUL E. LUBIENECKI, with the intent to harass and intimidate another person, that is, Victim 1, who has been identified as Charlie Specht (Specht), did use a facility of interstate and foreign commerce to engage in a course of conduct that placed Victim 1 in reasonable fear of death and serious bodily injury to Victim 1, and caused, attempted to cause, and would be reasonably expected to cause, substantial emotional distress to Victim 1.

      b.      Specifically, on August 20, 2019; August 26, 2019; November 15, 2019; November 19, 2019; December 4, 2019; and February 4, 2020, the defendant left harassing and threatening voicemails for Specht relating to Specht's reporting on the Catholic Diocese of Buffalo, which appeared on Channel 7 WKBW. The defendant left these voicemails for Specht with the intent to harass and intimidate Specht. The defendant used a TracFone cellular telephone with a phone number that appeared as "unknown" when he left these voicemails, and this cellular telephone was a facility of interstate commerce.

      c.      As a result of the voicemails left by the defendant, Specht was placed in reasonable fear of death or serious bodily injury to himself, and also caused Specht substantial emotional distress.

## III.   SENTENCING GUIDELINES

6.      The defendant understands that the Court must consider but is not bound by

the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

7.      The government and the defendant agree that Guidelines § 2A6.2(a) applies to

the offense of conviction and provides for a base offense level of 18.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

8.      The government maintains that the following specific offense characteristic does apply:

   a.      the 2-level increase pursuant to Guidelines § 2A6.2(b)(1)(E) (pattern of activity involving stalking, threatening, harassing, or assaulting the same victim)

The defendant specifically reserves the right at the time of sentencing to argue to the Court that this increase does not apply.

## ADJUSTED OFFENSE LEVEL

9.      Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 20 (if the Court applies Guideline § 2A6.2(b)(1)(E)) or 18 (if the Court does not apply Guideline § 2A6.2(b)(1)(E)).

## ACCEPTANCE OF RESPONSIBILITY

10.      At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level decrease of Guidelines § 3E1.1(b), which would result in a total offense level of 17 (if the Court applies Guideline § 2A6.2(b)(1)(E)) or 15 (if the Court does not apply Guideline § 2A6.2(b)(1)(E)).

## CRIMINAL HISTORY CATEGORY

11.     It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase.  The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

12.     (a)     It is the understanding of the government and the defendant that, if the Court determines that Guidelines § 2A6.2(b)(1)(E) does apply, with a total offense level of 17 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of 24 to 30 months, a fine of $10,000 to $95,000 and a period of supervised release of 1 to 3 years.

(b)     It is the understanding of the government and the defendant that, if the Court determines that Guidelines § 2A6.2(b)(1)(E) does not apply, with a total offense level of 15 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of 18 to 24 months, a fine of $7,500 to $75,000 and a period of supervised release of 1 to 3 years.

(c)     Notwithstanding the above, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in paragraph 1 of this agreement.

13.     Other than what is contained in paragraph 8, the government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above. The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range.  This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

14.     The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement or recommended by either party and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

15.     In the event the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV.     STATUTE OF LIMITATIONS

16.     In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement.  This waiver shall be effective for a period

6

of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V.    REMOVAL

17.    The defendant represents that he is a citizen of the United States.  However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## V.    GOVERNMENT RIGHTS AND OBLIGATIONS

18.    The defendant understands that the government has reserved the right to:

   a.    provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

   b.    respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

   c.    advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment;

   d.    modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

   e.    oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

19.     The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI.     APPEAL RIGHTS

20.     The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed.  The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, paragraph 12(a), above, notwithstanding the manner in which the Court determines the sentence.  In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

21.     The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

22.     The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, paragraph 12(b), above,

notwithstanding the manner in which the Court determines the sentence.  However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII.   TOTAL AGREEMENT AND AFFIRMATIONS

23.    This plea agreement represents the total agreement between the defendant, PAUL E. LUBIENECKI, and the government.  There are no promises made by anyone other than those contained in this agreement.  This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York

BY:

AARON J. MANGO
Assistant United States Attorney

Dated:  August 3, 2021

I have read this agreement, which consists of pages 1 through 10.  I have had a full opportunity to discuss this agreement with my attorney, Rodney O. Personius, Esq.  I agree that it represents the total agreement reached between me and the government.  No promises or representations have been made to me other than what is contained in this agreement.  I understand all of the consequences of my plea of guilty.  I fully agree with the contents of this agreement.  I am signing this agreement voluntarily and of my own free will.


_____
PAUL E. LUBIENECKI
Defendant

Dated:  August 3, 2021


_____
RODNEY O. PERSONIUS, ESQ.
Attorney for the Defendant

Dated:  August 3, 2021


10